OPINION
{¶ 1} Appellant, Samantha Brown, appeals from the September 9, 2003 Decision and Judgment Entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting permanent custody of her minor children, Zaquan Brown and Elijah Brown, to appellee, Franklin County Children Services ("FCCS"), for purposes of adoption. For the reasons that follow, we affirm.
 {¶ 2} On January 30, 2001, FCCS filed motions for permanent custody of Elijah and Zaquan pursuant to R.C. 2151.423 alleging that permanent commitment was in the best interest of the children and that Elijah and Zaquan had been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under R.C. 2151.353 for 12 or more months of a consecutive 22-month period. The boys' maternal grandmother, Elizabeth Brown, filed a motion for custody also, and after a number of continuances, the matter came on for trial on December 4 and 5, 2002, January 7 and 8, 2003.
 {¶ 3} The trial court took judicial notice of the following at the request of FCCS:
1. Elijah Brown came into custody of FCCS March 25, 2000;
2. Zaquan Brown came into custody of FCCS August 4, 1999;
3. Complaint first filed regarding Zaquan on August 4, 1999;
4. Maternal grandmother filed a motion for legal custody of Zaquan on September 10, 1999;
5. Zaquan was adjudicated a dependent minor on September 24, 1999;
6. The Court denied custody of Zaquan to the maternal grandmother December of 1999;
7. FCCS filed a dependency complaint for Elijah on January 14, 1993;
8. Elijah was found to be a dependent minor on April 16, 1993, and the Court denied the maternal grandmother's motion for custody;
9. FCCS filed a complaint for emergency custody of Elijah March 27, 2000;
10. The Court terminated visitation between maternal grandmother and Elijah August 18, 2000; and
11. The Court terminated legal custody of Elijah Brown to maternal grandmother, awarded custody temporarily to FCCS on September 22, 2000.
(Decision, Judgment Entry and Order of September 9, 2003, at 3.)
 {¶ 4} Samantha Brown is the biological mother of Elijah, Zaquan, and another child who does not live with her and is not involved in these proceedings. She was 15 years of age when she gave birth to Elijah. She has a history of using cocaine and marijuana. She is currently incarcerated for forgery at the Ohio Reformatory for Women. At the trial in this matter, Samantha Brown indicated her judicial release was imminent, but she later admitted that she had no information about a release date.
 {¶ 5} Elijah was born on February 14, 1992. FCCS filed a complaint alleging Elijah was abused, neglected, and dependent on January 14, 1993, when he was 11 months old. Elizabeth Brown (maternal grandmother) filed for alternative placement of him on March 2, 1999, when her daughter, appellant, was unable to care for him. The court found Elijah to be dependent, and awarded temporary custody to FCCS with a placement to an aunt in 1993. The court approved a case plan providing for reunification on April 23, 1993. Elizabeth Brown refiled her request for custody on October 19, 1993, which was granted. On March 27, 2000, the court issued an emergency care order awarding temporary custody to FCCS and, on August 18, 2000, terminated Elizabeth Brown's supervised visits. The court terminated legal custody to Elizabeth Brown on October 4, 2000. FCCS filed a motion for permanent custody of Elijah on January 30, 2001.
 {¶ 6} Zaquan was born on August 1, 1999. Zaquan was removed from appellant's care at birth due to testing positive for cocaine. He has never been returned to her custody. FCCS filed a complaint on August 4, 1999, alleging that Zaquan was an abused, dependent, neglected child. On September 10, 1999, Elizabeth Brown requested to be named as an alternative placement. On September 24, 1999, the juvenile court adjudicated Zaquan as a dependent minor, pursuant to R.C. 2151.04, made him a ward of the court, and committed him to the temporary custody of FCCS. The court approved a case plan and awarded Elizabeth Brown supervised visitation.
 {¶ 7} FCCS filed a motion to extend temporary custody and for a case plan amendment on August 17, 2000. After a hearing, the court denied and dismissed Elizabeth Brown's motion for alternative disposition and continued the case for annual review on September 22, 2000. The court granted a motion to extend temporary custody finding there was significant progress in the case plan. On January 30, 2003, FCCS filed a motion for permanent custody of Zaquan. Following the filing of that motion, Elizabeth Brown filed a motion for alternative disposition to place the minor child in the care and custody of his maternal grandmother.
 {¶ 8} In resolving the motions, the trial court concluded that it was in the best interests of Elijah and Zaquan to grant permanent custody because of the following:
1. No father for either child has shown any interest, had any contact, paid any child support, and/or developed and/or maintained any relationship with either child. The boys are closely bonded with each other living in foster care together. Any change in their lives that involve [sic] separating them would be potentially devastating given the actions of the adults important to them in their lives. Their mother has, due to repeatedly committing violations of the criminal law of Ohio, been incarcerated and had no relationship with either child for a significant period of time. Their maternal grandmother's status of Elijah's legal custodian was terminated for cause due to the danger that her care caused Elijah. Elijah is in fear of her on a consistent basis despite intensive counseling. The maternal grandmother maintains that her son, Timothy, could not sexually abuse Elijah, despite her knowledge of Elijah's serious mental health issues. Her rights of visitation would [sic] terminated for good cause. Her relationship with Zaquan is negligible. There are no other relatives with whom either child has a relationship at present. No other relatives requested custody of either.
The children are bonded with their foster mother. She, above all others is able to meet Elijah's extraordinary daily needs for emotional support, medical and educational care, and financial support.
2. Zaquan has expressed no preference but Elijah wishes to remain with his foster mother.
3. These two children have been out of their mother and their grandmother's custody for more than twelve months out of a consecutive twenty-two month period. There has been no visitation between the children and either for at least a year.
4. Both Zaquan and Elijah, but particularly the latter child, are in need of a legally secure placement given the history of their mother with alcohol/drug abuse and criminal confinement being unable to care for them in any form and has not complied with major portions of her case plan for employment, housing and being drug free, and Elijah's history resulting in sexual abuse by a relative in the care of his grandmother who fails to believe him and/or protect him from its recurrence, whether due to alcohol problems, or other mental health issues. That type of placement cannot occur without a permanent award of custody to Franklin County Children's Services Agency.
5. The Court concludes that the child cannot be placed with one of the parents within a reasonable time or should not be placed with either parent because the putative fathers have no interest or attachment to either child, the mother is incarcerated and her release date is unknown, and that permanent commitment is in the child's best interest, the mother is incarcerated with no known release date, and no other relative is available or interest [sic] except the maternal grandmother.
The Court also concludes that neither Elijah Brown nor Zaquan Brown can be placed with their grandmother due to her relationship with Elijah and his behavioral problems existing today after being in her care for many years, her abuse of alcohol which she only recently has taken seriously, her lack of ability to handle stress in rearing children, her belief that Elijah's serious problems should not be handled by a counselor despite her promise to keep him in counseling, and her refusal to work with the caseworker providing proof of completion of her case plane [sic] and failing to communicate with her, and her agoraphobia which would inhibit her ability to handle his significant educational, medical, and therapeutic needs.
The Court finds that FCCS used reasonable efforts to reunify this family. The mother's constant imprisonment was the result of voluntary acts. The maternal grandmother's failure to take FCCS seriously in dealing with both her alcohol abuse and her agoraphobia were impediments to reunification. Her failure to attend the conclusion of trial during her examination was a factor considered in denying her motion.
(Decision, Judgment Entry and Order of September 9, 2003, at 25-26.)
 {¶ 9} Appellant timely appealed, assigning as error the following:
The trial court abused its discretion in ordering a permanent court commitment (pcc) of the minor children zaquan and elijah brown; the decision of the trial court is against the manifest weight of the evidence and therefore is an abuse of the court's discretion.
 {¶ 10} Appellant contends the evidence showed that FCCS did not seriously attempt to fulfill its obligation to reunify the family by working with Elizabeth Brown. Even though the children's grandmother was absent during a portion of the trial and is not a party to this appeal, Samantha Brown argues on appeal that her mother, Elizabeth Brown, should have been granted legal custody of the children. We disagree.
 {¶ 11} Permanent custody motions supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. In re Brofford (1992),83 Ohio App.3d 869, 876-877. When, as here, a child has been in the custody of FCCS for 12 or more months of a consecutive 22-month period, a trial court need not engage in an analysis of whether the child can or should be placed with either parent within a reasonable time. Instead, the consideration in such a case is the best interest of the child, which is determined by consideration of the factors set forth in R.C. 2151.414(D) in light of the facts of the particular case. In re Williams, Franklin App. No. 02AP-924, 2002-Ohio-7205; In re Thompson, Franklin App. No. 02AP-557, 2002-Ohio-580.
 {¶ 12} Upon review of the record, it is apparent that the evidence before the trial court was clear and convincing that permanent custody was in the best interest of the children as delineated in R.C. 2151.414(D).
 {¶ 13} In determining the best interest of the child in accordance with R.C. 2151.414(D), a trial court is required to consider all relevant factors including, but not limited to, the following:
(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 14} With regard to the first factor, appellant's incarceration and drug and alcohol problems preclude her from arguing that she is an appropriate caregiver for the children. Accordingly, she tries to raise the issue of the grandmother, Elizabeth Brown, as being a suitable custodian for the boys. Appellant's attempt to assert the grandmother's claims for custody is problematic because Elizabeth Brown is not a party to this appeal, and did not appeal the dismissal of her motion for custody.
 {¶ 15} Further, the evidence showed that Elijah was afraid of his grandmother and had suffered sexual abuse while living in her home. Zaquan had no established relationship with his grandmother. Elijah had a number of behavioral and emotional problems including anxiety attacks, becoming unaware of his surroundings, screaming, urinating and defecating on himself, feces smearing, cruelty to animals, lying, and stealing. The foster mother is the only person who can get Elijah under control, and his behavior has improved under her care. The brothers are bonded to each other and to the foster mother, who is a prospective adoptive placement for them.
 {¶ 16} With respect to the second factor, Zaquan believes his foster mother is his mother. Elijah is afraid of his grandmother and has a history of acting out and becoming extremely upset when the issue of seeing his grandmother is raised.
 {¶ 17} The third factor is not in dispute.
 {¶ 18} With respect to the fourth factor, the evidence was such that both boys need the stability of permanent placement, which cannot be achieved without granting permanent custody to FCCS. Appellant is in an unstable situation, and the evidence shows that is likely to continue. Elizabeth Brown has taken some steps to address her alcohol and agoraphobia issues, but the evidence showed that her home would not be a secure environment for the brothers, particularly because of the potential for sexual abuse. The foster mother has bonded with the children, expressed a desire to adopt the boys, and they have progressed under her care. Adoption cannot be achieved without granting permanent custody to FCCS and, accordingly, the fourth factor also weighs against appellant.
 {¶ 19} In sum, the evidence is clear and convincing that the best interests of Zaquan and Elijah are served by placing them in the permanent custody of FCCS, thus facilitating their adoption and continued security in their lives.
 {¶ 20} Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.