DECISION
{¶ 1} Appellant, Lottie Ramey, I.R.'s mother, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting legal custody of I.R. to Marvin and Susie Davis ("the Davis'").
 {¶ 2} I.R. was born on May 3, 1991. I.R. was found to be dependent on September 27, 2002, and Franklin County Children Services ("FCCS") was granted temporary custody of I.R. on November 14, 2002, due to the family being homeless. FCCS filed a motion for permanent custody on May 6, 2003, followed by a motion seeking to place legal custody of I.R. with his maternal aunt and uncle, the Davis'.[1] The motion for permanent custody was ultimately dismissed and the hearing for legal custody was held on October 26, 2004. Appellant was not present at the hearing. The trial court issued a judgment entry on November 4, 2004, finding that based on clear and convincing evidence, I.R. cannot be placed with either parent within a reasonable time or should not be placed with either parent in the foreseeable future, and that I.R.'s continued residence in or return to the home would be contrary to the child's best interest and welfare. In said judgment entry, the trial court awarded legal custody of I.R. to the Davis'. It is from this judgment that appellant appeals.
 {¶ 3} On appeal, appellant raises the following single assignment of error:
[1.] Whether the Court committed reversible error when it proceeded on motions for legal custody in the absence of the Appellant?
 {¶ 4} It is well-recognized that the right to raise a child is a basic and essential civil right. In re Hayes (1997),79 Ohio St.3d 46. A parent must be given every procedural and substantive protection the law allows prior to parental rights being terminated. Id. A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence. In reAndy-Jones, Franklin App. No. 03AP-1167, 2004-Ohio-3312.
 {¶ 5} Appellant, however, does not argue that the trial court's decision to award custody to the Davis' was against the manifest weight of the evidence. Rather, appellant argues that the trial court abused its discretion, and she was deprived of her rights of due process and her fundamental liberty interest in raising her own children, when the trial court denied her trial counsel's motion for a continuance of the hearing until appellant's presence could be obtained.
 {¶ 6} Appellees, FCCS and the guardian ad litem, both argue that the record is devoid of not only a denial of a motion for continuance, but also for a request for a continuance of the October 26, 2004 hearing. However, the transcript reveals that appellant's counsel did request a continuance, albeit after the commencement of the proceedings. When appellant's counsel began his cross-examination of the court's first witness, the following exchange took place:
[Appellant's attorney]: Your Honor, at this — I would ask, on my client's behalf, for a continuance. It — it seems that my last conversation with her she was still adamant against this — this motion. And I would — if I'm going to proceed today I would have to proceed from that posture, that — that she is opposing it. And, so other — either I proceed at that mode or I — we get a continuance so I can actually ascertain her position if it's act — if it's changed.
[The court]: Yeah — the — I think that we should proceed on — on the motion. So, the motion to continue — or a continue would be overruled.
[Appellant's attorney]: Okay. Thank you, Your Honor. I'll have just a few questions, if I could.
(Oct. 26, 2004 Tr. at 18-19.)
 {¶ 7} The request for a continuance was made on the same day of trial in contravention of Loc.R. 2 of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which states that "no case will be continued on the day of hearing except for good cause shown." The decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981), 67 Ohio St.2d 65,67. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} In Unger, the Supreme Court of Ohio identified certain factors that should be considered in determining whether or not a continuance is appropriate. These factors include:
[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Id. at 67-68, citing United States v. Burton (C.A.D.C. 1978), 584 F. 2d 485, certiorari denied 439 U.S. 1069.
 {¶ 9} At the beginning of the hearing, the court noted the absence of appellant, and the presence of appellant's attorney. (Tr. at 5.) Thereafter, the following exchange took place:
[Appellant's attorney]: Well, Your Honor, mom was in opposition to the custody motions before the Court. However, she was here on our last court appearance in July, 24th I believe — the 22nd it says here, but — and she did sign the continuance form. I've sent a letter out to her on July 24th informing her of this court date, a follow up even of that notice that she received, and explaining, you know, the importance and the things to do, and so forth. And I've not had any contact with her since that point.
[The court]: Okay. Ms. Richardson [case worker for FCCS], have you had any contact with the mother?
[Richardson]: Just the day I picked her up, on the 23rd, to take her to a funeral in Young —
* * *
[Richardson]: I picked her up on the 23rd, to take her to her maternal grandmother's funeral.
* * *
[Richardson]: And I haven't heard from her since that time.
* * *
[The court]: Okay. Did — was she visiting with the children?
[Richardson]: She's visited three times since they've been gone, since the 17th of December of last year. She's been out three times to visit. We were court ordered to do transportation bi-weekly and we provided twice — well three times. Because the third time I transported her there but gave her a bus ticket to come back to Columbus from Youngstown. But, since that time I've had no contact.
* * *
[The court]: And is there any inability/disability that prevents her from communicating, or would it be lack of interest and motivation, or would it be mental health issue/chemical dependency, or any — anything that's beyond her control, from causing her not to be more involved?
[Richardson]: I have no idea why she's not involved. You know, I know she — she was supposed to be court ordered to do some things, which she did not comply to and that — dealing with the mental health issues, drug and alcohol, and psychological evaluation. She did complete the mental health assessment, but the other two, no.
[The court]: As far as you can tell, if she wanted to contact you she'd have —
[Richardson]: She could. She's been — she knows where my office is. She knows my telephone number. And, she has done it in the past. Any information that I received from her was when she was at court. She would give me pertinent information at that point in time, other than that, no.
[The court]: Okay. As far as you know, of sufficient intelligence to — to —
[Richardson]: She — she knows how to get in contact. Yes, she can communicate.
 {¶ 10} Applying the factors from Unger to the present case, we find that the trial court did not abuse its discretion in denying appellant's request for a continuance. We note that the motion for permanent custody to FCCS was filed on May 6, 2003, and Ms. Davis' motion for legal custody of I.R. was filed on November 5, 2003. There were at least five continuances between the November 5, 2003 filing and the October 26, 2004 hearing date. The record demonstrates that appellant signed the previous continuance form and clearly had knowledge of the date of the final hearing, and appellant's counsel represented that he notified appellant of the hearing date by letter. Moreover, appellant's counsel was unable to offer any explanation for his client's absence[2] and appellant's counsel stated that appellant had not responded to his diligent efforts to contact her in the months prior to the hearing date.
 {¶ 11} Given these factors, the trial court did not abuse its discretion by denying appellant's request for continuance. SeeIn re Washington, Franklin App. No. 04AP-429, 2004-Ohio-6981
(finding that a denial of a motion for continuance was proper as five continuances had been given, the motion had been pending for one year, counsel notified client of the hearing, and counsel was unable to give a reason for client's absence); In re Harris
(Mar. 20, 2001), Franklin App. No. 00AP-987 (finding no abuse of discretion in denying continuance request because request was made in violation of local rule and counsel offered no reason for his client's absence); In the Matter of Young (Dec. 21, 1999), Franklin App. No. 99AP-489 (finding no abuse of discretion in denial of continuance when request was made on the day of trial and there was no reason given as to why movant was not able to attend the hearing).
 {¶ 12} Accordingly, appellant's assignment of error is overruled.
 {¶ 13} Having overruled appellant's single assignment of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is hereby affirmed.
Judgment affirmed.
Klatt and French, JJ., concur.
[1] The father of I.R. is unknown.
[2] Appellant has attached evidentiary materials to her brief. However, these materials were not presented to the trial court at any time, and thus are not part of the certified record before us, and we do not consider them in this appeal. Stancourt v.Worthington City School Dist. Bd. of Edn., Franklin App. No. 04AP-870, 2005-Ohio-5702. See, also, State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus (holding that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter"); see also, App.R. 9(A).