OPINION
{¶ 1} Plaintiff-appellant Gerald Lasson appeals from a judgment awarding attorney fees to defendant-appellee Stacey Coleman, following a determination that Lasson had violated the Ohio Consumer Sales Practices Act. Lasson asserts numerous assignments of error that are not relevant to the appeal before us. Of relevance to this appeal, he contends that the trial court erred by denying him a continuance of the *Page 2 
hearing on the fees, and that the magistrate's decision regarding the fees is not supported by the evidence.
 {¶ 2} We find no abuse of discretion regarding the trial court's decision denying the motion for continuance. We further note that Lasson failed to attend the hearing, and that he failed to present any objections to the magistrate's decision. Thus, he has waived all but plain error on appeal. Finally, we find no error in the magistrate's decision or the trial court's affirmance and adoption thereof.
 {¶ 3} The judgment of the trial court is Affirmed.
 I {¶ 4} Lasson operates a "rent to own" home program under various names, including "Windstar III," "Affordable Best Homes," and "Action Homes." In 2004, Lasson as a representative of Windstar entered into a lease and purchase agreement with Coleman regarding realty located in Trotwood, Ohio. The fees and purchase price for the real estate totaled $107,432. Coleman was required to pay $4,900 down, with the remainder to be paid in variable amounts as noted on the first page of the purchase agreement. Along with the real estate transaction, Lasson personally represented to Coleman that he would provide credit counseling services, as well as assistance in procuring financing to purchase the property.
 {¶ 5} In 2005, Lasson filed a forcible entry and detainer action against Coleman. Coleman filed a counterclaim, alleging among other things, a violation of the Ohio Consumer Sales Practices Act (CSPA).
 {¶ 6} Following discovery and extensive pleadings, the trial court rendered *Page 3 
summary judgment in favor of Coleman with regard to Lasson's liability on the CSPA claim, and awarded her $19,600 in damages.[1] The matter was referred to a magistrate for a hearing on the amount of attorney fees to be awarded to Coleman.
 {¶ 7} A hearing was held before the magistrate; Lasson failed to appear at that hearing. The magistrate thereafter entered a decision awarding Coleman the sum of $50,059 as attorney fees. Lasson did not file any objections to the magistrate's decision, and the trial court subsequently adopted that decision as the judgment of the court. Lasson appeals.
 II {¶ 8} Lasson's First Assignment of Error states:
 {¶ 9} "THE TRIAL COURT ERRED IN GRANTING COLEMAN A PARTIAL SUMMARY JUDGMENT CONCERNING ALLEGED CSPA MATTERS."
 {¶ 10} In this assignment of error, Lasson contends that the trial court erred by rendering summary judgment against him on Coleman's claim that he violated the CSPA. Specifically, he complains that "no hearing was allowed by the trial court in the matter of the CSPA matters nor was it deemed final and appealable." He further states that the trial court did not allow him to present his "counterclaims."
 {¶ 11} The issue of "[w]hether to grant a party's request for oral hearing is a decision within the trial court's discretion." Lasson v.Coleman, Montgomery App. No. 21983, 2008-Ohio-4140, citing Hooten v.Safe Auto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 14. *Page 4 
As in the prior appeal, "Lasson has failed to demonstrate that the trial court abused its discretion in ruling on Coleman's motion for summary judgment without holding an oral hearing." Id., ¶ 39.
 {¶ 12} We are not sure what Lasson means when he states that the trial court did not allow him to present his counterclaim. It is clear from the record that Lasson was permitted to file pleadings setting forth defenses and counterclaims. Also, he was permitted to respond to Coleman's motion for summary judgment. Finally, Lasson had ample time to respond to the motion; Coleman's motion was filed on August 11, 2006; the trial court did not render judgment until December 7, 2006.
 {¶ 13} We find no error or abuse of discretion. Therefore, Lasson's First Assignment of Error is overruled.
 III {¶ 14} Lasson's Second Assignment of Error provides:
 {¶ 15} "THE TRIAL COURT ERRED BY NOT DECLARING VARIOUS KEY ORDERS AND DECISIONS `FINAL AND APPEALABLE DECISIONS.'"
 {¶ 16} Lasson's argument in support of this assignment of error is set forth in its entirety as follows:
 {¶ 17} "3-1. The trial court, nor the Clerk's office, nor the docket notified Lasson of the finality and appeal status of many motions, ruling [sic], decisions and orders in the judgment and related motions. Time is now pregnant to allow these orders to be appealed along with the Magistrate's Decision of 3-17-07, since all the following orders, *Page 5 
decisions relate to same.
 {¶ 18} "A. The docket lists the many motions submitted by Lasson (and Coleman) that impact the ruling against granting a continuance concerning the sanctions granted on the CSPA matter(s) (see docket exhibit and the record)."
 {¶ 19} We have no idea to which motions, rulings, decisions, orders or judgments Lasson is referring. The docket reveals that there is no decision by the magistrate dated March 17, 2007. Lasson has not met his burden of demonstrating error with specific reference to the place in the record where the error occurred, as required by App. R. 16(A)(3).
 {¶ 20} The Second Assignment of Error is overruled.
 IV {¶ 21} Lassons's Third and Fifth assignments of error are as follows:
 {¶ 22} "THE TRIAL COURT AND MAGISTRATE'S COURT ERRED IN NOT ALLOWING LASSON'S REQUESTED CONTINUANCE CONCERNING MORE TIME NEEDED IN THE MATTER OF SANCTIONS ORDERED AGAINST LASSON CONCERNING THE CSPA MATTERS.
 {¶ 23} "THE TRIAL COURT ERRED BY NOT ALLOWING LASSON TIME FOR DISCOVERY IN THE MATTER OF ANSWER/DEFEND [SIC] AGAINST COLEMAN'S SPECIFIC REQUEST FOR ATTORNEY FEES CONCERNING THE CSPA MATTERS."
 {¶ 24} Lasson contends that the trial court committed error by failing to grant him a continuance of the hearing date regarding attorney fees, and by thus denying him time to conduct discovery regarding the requested fees. *Page 6 
 {¶ 25} "An appellate court will not reverse a trial court's decision denying a motion for continuance unless the trial court abuses its discretion." In re A.P., Franklin App. Nos. 08AP-186, 08AP-187, and 08AP-188, 2009-Ohio-438, ¶ 4. The term "abuse of discretion" implies that the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} We begin by noting that the trial court rendered summary judgment against Lasson on the CSPA claim on December 7, 2006. That decision specifically stated that the issue of attorney fees would be determined by hearing before the magistrate. Thus, Lasson was on notice that the matter would be determined at a subsequent hearing.
 {¶ 27} On February 21, 2007, an entry was filed setting the hearing before the magistrate for March 19, 2007. Lasson filed his motion for continuance on March 14, 2007. There is nothing in the record, or in Lasson's appellate brief, to indicate that he sought discovery regarding the issue of attorney fees at any time prior to the hearing.
 {¶ 28} We have reviewed Lasson's forty-page motion for continuance, and cannot say that the trial court abused its discretion in overruling it. There is no evidence or indication in the record that Lasson was denied the right to conduct discovery regarding the issue of Coleman's attorney fees. Instead, the motion focuses on his claim that Coleman was withholding "exculpatory evidence," which would demonstrate that he was "innocent" of all allegations regarding the CPSA claim. Lasson fails to state what "exculpatory" evidence he believes was being withheld. Further, the hearing he was seeking to continue was limited to the amount of attorney fees to be awarded as the issue of Lasson's liability had already been determined. Thus, any claim that he was denied access to exculpatory evidence had no bearing on the issue before the *Page 7 
magistrate.
 {¶ 29} Lasson's Third and Fifth Assignments of Error are overruled.
 V {¶ 30} Lasson's Fourth Assignment of Error states as follows:
 {¶ 31} "LASSON HAS NOT BEEN ALLOWED TO BE HEARD ON ALL THE ABOVE RULINGS BY THE APPELLATE COURT, AND IN FILINGS, BY THE TRIAL COURT, AND/OR THE MAGISTRATE'S COURT.
 {¶ 32} "LASSON WAS NOT TOLD THAT HE MUST BRIEF, OR HAVE A REQUESTED HEARING, BEING MISLED BY THE TRIAL COURT'S FORMAT FOR SETTING SUBMISSION DATES AND APPEARING TO OFFER A HEARING INSTEAD, UNLIKE THE WAY THE FEDERAL COURTS GIVE A WARNING OF THE SAME."
 {¶ 33} Lasson fails to present any argument clarifying his grievance with regard to this assignment of error. As far as we can ascertain, Lasson has been provided with every right accorded to litigants, including notice of hearings and any orders regarding briefing schedules. Furthermore, Lasson has been afforded a full and fair opportunity to present his case at every level of the court system. Indeed, it would appear that Lasson has been given more leeway with regard to the presentation of his case than one might expect, given his status as a vexatious litigator.
 {¶ 34} Lasson's Fourth Assignment of Error is overruled.
 VI {¶ 35} Lasson's Sixth Assignment of Error states *Page 8 
 {¶ 36} "THE CLERK OF COURT'S PROCEDURES NEED TO BE MODIFIED TO NOT ALLOW ATTORNEY'S TO GET THEIR PROPOSED EX PARTE ORDERS FILE STAMPED BEFORE THE JUDGE/MAGISTRATE ACTUALLY SINGS [SIC] THEM.
 {¶ 37} "THE MAGISTRATE'S OFFICE MUST CHANGE THEIR PROCEDURE OF LOGGING EVIDENCE AND EXHIBITS SO THEY CAN LIST THEM AND SUPPLY COPIES OF SAME TO REQUESTING PARTY."
 {¶ 38} Again, Lasson fails to present any argument in support of this assignment of error. He does not actually claim that he has been prejudiced by the above-referenced procedures, and fails to direct our attention to any evidence that would actually lend credence to this stated error. Thus, we find that he has failed to present any issue that we can resolve. The Sixth Assignment of Error is overruled.
 VII {¶ 39} Lasson's Seventh Assignment of Error is:
 {¶ 40} "THE MAGISTRATE'S COURT ERRED IN ITS ENTIRE DECISION DATED 4/19/07 REGARDING REASONABLE ATTORNEY FEES IN REGARDS TO COLEMAN'S IN REGARDS TO HER CSPA CLAIMS ALMOST IN IT'S ENTIRETY [SIC]."
 {¶ 41} Although the argument in support of this assignment of error is convoluted and at times nonsensical, it appears that Lasson intends to argue that the magistrate's decision regarding attorney fees is not supported by the evidence.
 {¶ 42} We note that Lasson declined to attend the hearing on the issue of attorney fees. Moreover, he failed to file objections to the magistrate's decision. *Page 9 
Civ. R. 53(D)(3)(b)(iv) states:
 {¶ 43} "Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
 {¶ 44} Lasson has waived all but plain error in the court's adoption of the decision. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v.Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus.
 {¶ 45} We have reviewed the decision rendered by the magistrate and can find no error, let alone plain error, therein. Indeed, the magistrate's decision is well-reasoned, in accord with the law of Ohio.
 {¶ 46} The Seventh Assignment of Error is overruled.
 IX {¶ 47} All of Lasson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and FROELICH, JJ., concur.
[1] That judgment also declared Lasson to be a vexatious litigator. This court upheld that determination in a prior appeal. See, Lasson v.Coleman, Montgomery App. No. 21983, 2008-Ohio-4140. *Page 1