OPINION
{¶ 1} Appellants Jackey Andy and Gregory Jones appeal from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of Christian Michael Andy-Jones, a minor, to Franklin County Children Services ("FCCS"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Christian was born January 14, 2001. On January 16, 2001, FCCS filed a complaint alleging Christian was a dependent child and sought his permanent court commitment to FCCS. An emergency custody order was entered the same day. Ms. Andy and Mr. Jones were granted visitation supervised by FCCS.
 {¶ 3} On April 11, 2001, a stipulation of dependency was entered pursuant to R.C. 2151.04 and FCCS withdrew its request for permanent custody. The same day, a temporary custody order was issued to FCCS, pursuant to R.C. 2151.353(A)(2). Christian has been in foster care since his birth, over three years.
 {¶ 4} At the time temporary custody was awarded to FCCS, a reunification case plan ("case plan") was developed to assist Ms. Andy and Mr. Jones in the reunification process. Generally, the case plan set the following objectives for both Ms. Andy and Mr. Jones: (1) mental health counseling; (2) cease drug and alcohol use; (3) stable employment; (4) weekly visitation with Christian; and (5) development of appropriate parenting skills. Moreover, with respect to Mr. Jones only: (1) the establishment of paternity; and (2) address domestic violence concerns.
 {¶ 5} On May 23, 2002, FCCS filed a Motion for Permanent Commitment. A trial was held July 23 and 24, 2003 and October 29, 2003. The evidence at trial revealed neither Ms. Andy nor Mr. Jones fully complied with the case plan.
 {¶ 6} Mr. Jones admitted he was a drug addict. He completed only 12 of 70 drug screens given to him by FCCS. All 12 of the completed screens were positive for cocaine and marijuana. Moreover, Mr. Jones failed to complete a 45-day drug treatment plan at the Community Based Correction Facility, leaving due to a medical release. Mr. Jones was not in any drug treatment program at the time of trial. Furthermore, the extent of his attendance at Alcoholics Anonymous was one day.
 {¶ 7} Mr. Jones has been in and out of jail. In February 2003, he was in jail for burglary. He does not have stable employment or a stable living environment. He often stays with Ms. Andy when he is out of jail. Additionally, he frequently eats at food pantries.
 {¶ 8} Mr. Jones failed to complete the court ordered psychological evaluation. Furthermore, he did not regularly attend his scheduled visits with Christian, attending 36 of 95 to 100 visits. Additionally, he failed to complete domestic violence counseling. He did not establish paternity. Finally, Mr. Jones testified that he is not ready for Christian to be returned to him.
 {¶ 9} Ms. Andy, has been involved in a long-term relationship with Mr. Jones and testified that she may marry him. Additionally, aware he is a drug addict, Ms. Andy allows Mr. Jones to live in her home when he is not in jail. Ms. Andy rents her residence, having lived there four years, relying upon Social Security for her income. While she has had a few different temporary jobs, she has not maintained stable, full-time employment.
 {¶ 10} The case plan required Ms. Andy to go to counseling to address her mental health issues. While she has been in counseling, there was no evidence presented regarding her progress. Additionally, Ms. Andy's caseworker, Corey Garris ("Mr. Garris"), testified that the same issues existed at the time of trial that existed in the previous years. Moreover, Ms. Andy was evaluated for medication to assist her mental health. However, Ms. Andy will not take the prescribed medication.
 {¶ 11} Furthermore, Ms. Andy, while completing the required parenting class, failed to demonstrate appropriate parenting skills in her interaction with Christian. Mr. Garris testified Ms. Andy did not demonstrate age appropriate expectations of what Christian should be able to do. Additionally, Mr. Garris testified Ms. Andy exhibited self-centered behavior during her visits with Christian, being concerned with her feelings instead of focusing on Christian's feelings. Moreover, Ms. Andy exhibited a lack of willingness to learn how to improve her parenting skills, yelling at Mr. Garris when he offered suggestions.
 {¶ 12} Mr. Garris testified there was a lack of a bond between Christian and Ms. Andy. Similarly, due to Mr. Jones' lack of visitation, Christian did not have a strong bond with him. To the contrary, Mr. Garris stated Christian has a strong bond with his foster parents, who he calls "mom" and "dad." Additionally, he is bonded to his biological brother, Gregory, who was previously adopted by Christian's foster parents. As such, Mr. Garris opined it was in Christian's best interest that permanent custody be granted to FCCS.
 {¶ 13} This conclusion was also reached by Victor Merullo, Christian's Guardian ad litem ("GAL"). The GAL concluded it was not in Christian's best interest to be returned to parents with chronic mental health problems and the inability to make responsible choices.
 {¶ 14} Finally, testimony was presented regarding the fact permanent custody was granted to FCCS previously with respect to Ms. Andy's and Mr. Jones' son, Gregory.
 {¶ 15} On December 4, 2003, the trial court ordered Christian permanently committed to FCCS pursuant to R.C. 2151.353(D) and2151.412.
 {¶ 16} Ms. Andy timely appeals and asserts the following assignments of error:
Assignment of Error One
Ohio revised code § 2151.414, facially and as applied to appellant, violates appellant's substantive due process rights under Article I, Section 10 of the Ohio Constitution and the 14th amendment of the United States Constitution.
Assignment of Error Two
There is insufficient credible evidence to support the judgment of the trial court which is otherwise against the manifest weight of the evidence.
 {¶ 17} Mr. Jones also timely appeals and asserts the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
The Trial Court Erred in Ordering Permanent Commitment under O.R.C. Sections 2151.413 and 2151.414, Because they are Unconstitutional in Part.
SECOND ASSIGNMENT OF ERROR:
Mr. Jones was denied effective assistance of counsel underStrickland v. Washington, 466 U.S. 668 (1984), Because 1) Trial Counsel's Performance Fell Below an Objective Standard of Reasonableness; and 2) There is a Reasonable Probability that, but for his Trial Counsel's Errors, the Result of the Proceeding Would have been Different in Light of the Totality of the Evidence.
THIRD ASSIGNMENT OF ERROR:
The Trial Court Erred in Holding that Christian M. Andy-Jones, a Minor Child, should be Permanently Committed to the Franklin County Children's Services Because the Agency Failed to Prove its Case by Clear and Convincing evidence as required by O.R.C. Section 2151.414(B)(1), Because the Holding was not supported by Sufficient Evidence, and because the Holding was against the Manifest Weight of the Evidence.
FOURTH ASSIGNMENT OF ERROR:
Where the Guardian ad litem for the Child Failed to Comply with the Duties of the Guardian ad litem as Required by Rule 27 of the Local Rules of Juvenile Procedure, Mr. Jones has been Deprived to his Prejudice of Due Process of Law, and the Case Should be Reversed and Remanded.
FIFTH ASSIGNMENT OF ERROR:
The Trial Court Erred and Abused its Discretion by Granting Permanent Custody Without Considering the Reasonable Accommodation Requirements of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act of 1973,29 U.S.C. § 794.
SIXTH ASSIGNMENT OF ERROR:
The Trial Court's Admission of Testimony from the caseworkers and the Guardian ad litem on the parents' mental conditions and psychiatric diagnoses was an Abuse of
Discretion, because their Testimony on these Issues was Unreliable, Unscientific and Inadmissible under Daubert v.Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), because it was based upon Inadmissible Hearsay, because there was no Proper Foundation for this Testimony, Because the caseworkers were not Properly Qualified as Psychologists or Physicians and Because such testimony violates O.R.E. [sic] 702.
 {¶ 18} We first address Ms. Andy's and Mr. Jones' first assignments of error regarding the constitutional challenge to R.C. 2151.413 and 2151.414. They both argue R.C.2151.414(B)(1)(d) is unconstitutional as it creates an irrebuttable presumption of parental unfitness where a child has been in the temporary custody of a public children services agency or private child placement agency for 12 or more months of a consecutive 22-month period. Moreover, Mr. Jones argues R.C.2151.414(E)(11) is unconstitutional as it unfairly penalizes parents in permanent commitment proceedings with the fact of permanent commitment of those parents' other children, thus violating the parents' due process rights to their unfair prejudice, particularly where the GAL has not conducted an independent investigation as required by Juv.R. 27.
 {¶ 19} Turning to R.C. 2151.413, Mr. Jones argues subsection (D) violates the constitutional guarantee of separation of powers in that it mandates an agency having temporary custody to move for permanent custody within a set period of time. Similarly, Mr. Jones contends R.C. 2151.413(D)(1) is unconstitutional because it creates a set time limit which tends to automatically set in motion a permanent commitment proceeding, particularly where both parents are disabled, thus depriving the parents of due process of law.
 {¶ 20} An examination of the transcript and the trial court's decision reveal neither Ms. Andy nor Mr. Jones challenged the constitutionality of R.C. 2151.413 or 2151.414 in the trial court. When a constitutional issue is not raised before the trial court, it will not be addressed in the first instance by the court of appeals. Bouquett v. Ohio State Med. Bd. (1997),123 Ohio App.3d 466, 474. Moreover, while we may exercise our discretion to review a constitutional issue not raised in the trial court, we decline to do so currently upon the record before us. See Kimberly Ent. Corp. v. Ohio Liquor Control Comm. (Nov. 26, 1996), Franklin App. No. 96APE05-581.
 {¶ 21} Accordingly, Ms. Andy's and Mr. Jones' first assignments of error are overruled.
 {¶ 22} We will next address Mr. Jones' fifth assignment of error. Mr. Jones contends FCCS failed to provide reasonable accommodations to him and Ms. Andy in developing a case plan which took into consideration their psychiatric diagnoses and other disabilities. As such, FCCS failed to comply with the Americans with Disabilities Act and the Rehabilitation Act of 1973 ("ADA").
 {¶ 23} "`Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.'" State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78, 81, quoting Goldberg v. Indus. Comm.
(1936), 131 Ohio St. 399, 404. As with the constitutional challenges, the ADA issue was never raised in the trial court. Therefore, Mr. Jones waived the right to raise an alleged violation of the ADA for the first time on appeal. Moreover, Mr. Jones failed to establish in the record that he is "disabled" within the meaning of the statute. See In the matter of ShawnW. (Sept. 30, 1996), Lucas App. No. L-95-267.
 {¶ 24} Accordingly, Mr. Jones' fifth assignment of error is overruled.
 {¶ 25} Ms. Andy's second and Mr. Jones' third assignments of error assert that the trial court erred in granting permanent commitment to FCCS as there was insufficient evidence to support the judgment and the judgment was against the manifest weight of the evidence.
 {¶ 26} Ms. Andy argues she complied with the case plan. First, with respect to parenting skills, she contends she completed the parenting skills class through St. Vincent's. Nevertheless, the circumstances under which she was to visit Christian provided little opportunity to demonstrate adequate parenting skills. As such, the evidence presented regarding Ms. Andy's parenting skills was scant as she was not provided with any meaningful opportunity to parent. Second, Ms. Andy has addressed her mental health concerns through counseling. Her continued treatment demonstrates her dedication to a return of custody. Third, the drug and alcohol concerns were largely speculative. While there was evidence presented as to a past problem, there was no evidence presented as to a current drug and/or alcohol problem. Finally, the concerns regarding stable housing and employment were adequately met. Ms. Andy was in the same residence for four years prior to trial. However, Mr. Garris did not visit her residence. Instead, he relied upon notes from a prior social service aide. Moreover, the GAL did not visit Ms. Andy's home since before Christian's birth. As to her income, the evidence established Ms. Andy was receiving Social Security benefits and managing her finances.
 {¶ 27} Mr. Jones contends, in determining the best interest of the child, the trial court failed to make the finding whether a legally secure placement can be achieved without a grant of permanent custody to the agency. R.C. 2151.414(D)(4). While the case worker testified he unsuccessfully investigated placement with relatives, the specifics were not provided. Furthermore, Mr. Jones argues the judgment was not supported by sufficient evidence as it was substantially based upon what happened in the permanent custody case of Christian's brother, Gregory. Mr. Jones maintains the trial court initially admitted evidence of Gregory's permanent commitment for the sole purpose of establishing the commitment. Notwithstanding, Mr. Jones contends the trial court subsequently admitted evidence relating to parenting, mental health, drugs and alcohol, and employment from Gregory's case.
 {¶ 28} Judgments supported by some competent, credible evidence going to all essential elements of a case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence. In re Williams, Franklin App. No. 02AP-924, 2002-Ohio-7205.
 {¶ 29} In this matter, FCCS had to prove, by clear and convincing evidence, that Christian's best interests were served by a grant of permanent custody to FCCS and that Christian was in the temporary custody of FCCS for 12 or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d). Clear and convincing evidence is that measure of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. In re Williams,
supra.
 {¶ 30} In determining the best interests of a child, the court shall consider all relevant factors, including, but not limited to, the following: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agency or private child placing agency for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999; (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and (5) whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child. R.C. 2151.414(D). The factors set forth in R.C.2151.414(E)(7) to (11) include: (1) whether the parents have been convicted of or pled guilty to various crimes; (2) whether medical treatment or food has been withheld from the child; (3) whether the parent has placed the child at a substantial risk of harm due to alcohol or drug abuse; (4) whether the parent has abandoned the child; and (5) whether the parent has had parental rights terminated with respect to a sibling of the child.
 {¶ 31} FCCS alleged and the trial court found that R.C.2151.414(B)(1)(d) was met. This was not disputed by either Ms. Andy or Mr. Jones. Upon review, we conclude the trial court correctly found R.C. 2151.414(B)(1)(d) was established. FCCS proved by clear and convincing evidence that, at the time of trial, Christian had been in the temporary custody of FCCS for 33 months.
 {¶ 32} In this matter, the trial court's findings reveal the factors set forth in R.C. 2151.414(D) were considered in light of the facts presented with respect to Christian. As previously stated, the trial court considered Christian's custodial history. R.C. 2151.414(D)(3).
 {¶ 33} Second, the trial court found Christian needed a legally secure permanent placement which could not be achieved without a grant of permanent custody. R.C. 2151.414(D)(4). The evidence presented at trial supports the finding that neither parent is able to provide a legally secure placement for Christian. First, Mr. Jones admits he is a drug addict and not ready for Christian to be placed with him. Additionally, he has not successfully completed treatment for his drug addiction. He has been unable to provide a stable living environment due to his repeated incarcerations. Finally, Mr. Jones failed to comply with the requirements of the case plan by not completing a psychological evaluation and domestic violence counseling.
 {¶ 34} Ms. Andy continues to permit Mr. Jones to live with her. Moreover, her testimony did not reveal an intention to discontinue their living arrangement. Accordingly, by placing Christian with Ms. Andy he would be exposed to Mr. Jones, an admitted untreated drug addict. This is not a legally secure placement.
 {¶ 35} Additionally, while Ms. Andy completed parenting classes, she has not benefited from them. She fails to comprehend age appropriate behaviors for her children. Moreover, during her visits with Christian, she was self-centered, focusing upon herself and her needs and not Christian and his needs. Further, while she attends counseling sessions, no evidence was presented demonstrating progress. Finally, she refuses to take prescription medication to assist her mental health.
 {¶ 36} We note, contrary to Mr. Jones' assertion, the juvenile court is not required to consider placement with a relative prior to granting permanent custody. In re Patterson
(1999), 134 Ohio App.3d 119, 130. Nevertheless, in this matter, testimony was presented to the trial court that there was no suitable relative with whom Christian could be placed.
 {¶ 37} Next, the trial court examined the impact permanent placement would have on Christian's interaction and interrelationship with his parents, brother, Gregory, and foster family. R.C. 2151.414(D)(1). The evidence at trial revealed permanent placement would benefit Christian's current relationships. He is attached to and/or bonded with his foster parents, calling them "mom" and "dad." To the contrary, he is not attached to and/or bonded to Ms. Andy or Mr. Jones. Additionally, Christian enjoys a sibling relationship with Gregory. The evidence supported the foster family as the best option as a potential adoptive family.
 {¶ 38} Furthermore, the trial court considered Christian's wishes, as expressed by the GAL, as Christian was too young to interview for an opinion. R.C. 2151.414(D)(2). The GAL testified at trial that granting permanent custody to FCCS was in Christian's best interest.
 {¶ 39} Finally, evidence was presented at trial that R.C.2151.414(E)(11) applied as Ms. Andy and Mr. Jones had their parental rights with respect to Gregory involuntarily terminated. The evidence presented during the trial on this issue was relevant to determine what was in Christian's best interest. Moreover, it was relevant for deciding whether Ms. Andy and Mr. Jones were able to provide legally secure placement.
 {¶ 40} Accordingly, we conclude the trial court's judgment that it was in Christian's best interest to grant permanent custody to FCCS is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 41} Therefore, Ms. Andy's second and Mr. Jones' third assignments of error are overruled.
 {¶ 42} We next address Mr. Jones' second assignment of error. Specifically, Mr. Jones argues he was denied effective assistance of counsel by failing to object to: (1) the unconstitutionality of the permanent custody statutes; (2) the testimony of caseworkers and the GAL; and (3) the lack of compliance with the ADA.
 {¶ 43} The right to counsel, guaranteed in these proceedings by R.C. 2151.352 and by Juv.R. 4, includes the right to the effective assistance of counsel. In re Heston (1998),129 Ohio App.3d 825, 827. "Where the proceeding contemplates the loss of parents' `essential' and `basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." Id.
(Citations omitted.) Accordingly, we apply the test for ineffective assistance of counsel outlined by the Supreme Court of Ohio in State v. Ballew (1996), 76 Ohio St.3d 244, 255. The two-part test requires a showing that: (1) counsel's performance was defective; and (2) the deficient performance prejudiced the result. Id. To prevail, appellant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 256-257. Appellant must also prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 257. An appellate court need not address both components if one fails. In re Hart (Apr. 16, 1998), Cuyahoga App. No. 71783.
 {¶ 44} A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. State v. Bradley (1989),42 Ohio St.3d 136, 142, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. A litigant bears the burden of proving that his trial counsel was ineffective. State v. Martens (1993),90 Ohio App.3d 338, 351.
 {¶ 45} Upon consideration, none of the alleged deficiencies in Mr. Jones' trial counsel constitute ineffective assistance of counsel. As to the failure to challenge the constitutionality of the permanent custody statutes, there is not a reasonable probability that the result of the proceeding would have been different. While we declined to address this issue above, courts have previously addressed and rejected the arguments asserted by Mr. Jones. See In re Gomer, Wyandot App. No. 16-03-19, 2004-Ohio-1723; In re Workman, Vinton App. No. 02CA574, 2003-Ohio-2220; In re Thompson, Franklin App. No. 02AP-557, 2003-Ohio-580. The analysis employed by these courts is sound and, as such, there is not a reasonable probability that the result of the proceeding would have been different if Mr. Jones' trial counsel had challenged the constitutionality of the permanent custody statutes.
 {¶ 46} Similarly, trial counsel's failure to challenge the lack of compliance with the ADA did not render his assistance ineffective. Regardless of the fact Mr. Jones waived this issue by failing to raise it with the trial court, there is no evidence in the record to support a finding that Mr. Jones has a disability which is protected by the ADA.
 {¶ 47} Finally, trial counsel was not ineffective in failing to object to allegedly damaging testimony from the caseworkers and GAL. The fact trial counsel failed to object to damaging testimony, without arguing a basis upon which counsel could have objected, does not equate to ineffective assistance of counsel. Moreover, even if objections were made to the responses Mr. Jones contends were damaging, the remainder of the evidence adduced at trial was more than sufficient to find that a grant of permanent custody was in Christian's best interest. As such, there is not a reasonable probability the result of the proceeding would have been different but for trial counsel's alleged failure to object.
 {¶ 48} Accordingly, Mr. Jones' second assignment of error is hereby overruled.
 {¶ 49} Mr. Jones argues in his fourth assignment of error that the GAL failed to comply with the duties required by Juv.R. 27. Mr. Jones maintains the GAL did not conduct an independent investigation and review. He did not visit Ms. Andy's residence since Christian was born. Instead, his last visit with Ms. Andy was three years prior to trial. Moreover, he never attended any meeting with Ms. Andy and her counselors. Mr. Jones also asserts there is no evidence the GAL ever met with him. Further, Mr. Jones contends the GAL never observed either Ms. Andy's or his interaction with Christian.
 {¶ 50} R.C. 2151.281(I) requires a guardian ad litem in a permanent custody case to: perform whatever functions * * * necessary to protect the best interest of the child, including, but not limited to, investigation, mediation, monitoring court proceedings, and monitoring the services provided the child by the public children services agency or private child placing agency that has temporary or permanent custody of the child, and shall file any motions and other court papers that are in the best interest of the child.
 {¶ 51} Moreover, while Juv.R. 27 sets forth certain basic duties for the guardian ad litem to perform, it provides the guardian ad litem "the discretion * * * to tailor each to the facts of the individual case."
 {¶ 52} In this matter, the GAL complied with the duties required of him. First, we note Mr. Jones failed to provide any case law or statutory authority in support of the conclusion the GAL's failure to comply with the duties set forth in Juv.R. 27 mandates a reversal of a grant permanent custody.
 {¶ 53} Turning to the GAL's actions, the record reveals he had full knowledge of this case and did not fail to carry out his duties. His interaction with the family began years before Christian's birth. As such, he was very familiar with the family prior to his involvement in Christian's case. Second, he read the documents provided to him by FCCS. Finally, he attended the court hearings pertaining to this matter, including Christian's temporary custody trial. Thus, the record does not support a finding that the GAL failed to carry the duties imposed upon him by law.
 {¶ 54} Accordingly, Mr. Jones' fourth assignment of error is hereby overruled
 {¶ 55} Mr. Jones' final assignment of error maintains the trial court abused its discretion in admitting testimony of the caseworkers and GAL with respect to Ms. Andy's and Mr. Jones' mental conditions and psychiatric diagnoses. Specifically, Mr. Jones argues the witnesses were not properly qualified as psychologists or physicians. Mr. Jones maintains there is no way to test whether the caseworkers' and GAL's medical and psychological opinions were grounded in credible reasoning and scientific methodology. Further, Mr. Jones asserts the testimony violates Evid.R. 702.
 {¶ 56} Upon review, we conclude neither the caseworkers nor GAL rendered expert testimony. Moreover, FCCS did not assert they were experts. Instead, the testimony involved the assessment of the parents' compliance with the case plan. Additionally, we note Mr. Jones failed to provide any specific references in the transcript as to testimony which was allegedly improperly admitted.
 {¶ 57} Accordingly, Mr. Jones' sixth assignment of error is hereby overruled.
 {¶ 58} Ms. Andy's first and second assignments of error are overruled. Mr. Jones' first, second, third, fourth, fifth and sixth assignments of error are also overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Bowman and Brown, JJ., concur.