[Cite as *In re R.J.*, 2016-Ohio-539.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In re R.J. fka R.B.                            Court of Appeals No. L-15-1251

                                              Trial Court No. JC 13237040


                                              **DECISION AND JUDGMENT**

                                              Decided:  February 12, 2016

* * * * *

Dianne L. Keeler, for appellee.

Christopher S. Clark, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** Appellant, L.B., appeals the judgment of the Lucas County Court of

Common Pleas, Juvenile Division, terminating her parental rights and awarding

permanent custody of her child, R.J., to appellee, Lucas County Children Services.  For the following reasons, we affirm.

## A.  Facts and Procedural Background

{¶ 2} This case began on December 5, 2013, at which time appellee filed a complaint in dependency, abuse, and neglect and a motion for a shelter care hearing.  According to the complaint, appellee had previously received a referral stating that appellant tested positive for marijuana and benzodiazepine at the time of R.J.'s birth.  It was also reported that appellant was the victim of domestic violence at the hands of R.J.'s father, C.J.[1]

{¶ 3} On that same day, a shelter care hearing was held, and the juvenile court, with appellant's consent, awarded interim temporary custody of R.J. to the child's maternal great aunt, Y.S.  In March 2014, R.J. was moved to foster care due to Y.S.'s inability to provide adequate protection for the child.  According to appellee, the foster parents are interested in adopting R.J.

{¶ 4} At the outset of this case, appellee filed a case plan with the juvenile court, which included the ultimate goal of reunification and provided for counseling and drug treatment for appellant.  As part of the case plan, appellant was also instructed to participate in a domestic violence survivor's class.

---

[1] The juvenile court's order also terminates the parental rights of R.J.'s father, C.J.  C.J. has not contested the termination of his parental rights, and is therefore not a party to this appeal.

**{¶ 5}** Despite appellee's provision of the aforementioned case plan services, appellant failed to address the ongoing threat of domestic violence, opting instead to continue her relationship with C.J. Notably, in June 2014, C.J. was arrested and charged with felony domestic violence in June 2014, after he held appellant inside his car and assaulted her about the head and body. The case was eventually dismissed on account of appellant's failure to appear at the hearings.

**{¶ 6}** In addition to her failure to participate in domestic violence services, appellant was convicted of drug possession and unauthorized use of a vehicle. As a result, she was placed on probation. However, appellant has since violated probation, leading to the issuance of a bench warrant.

**{¶ 7}** In light of the foregoing, appellee, on March 17, 2015, filed a motion for permanent custody. A hearing on the motion took place on August 13, 2015. Appellant was present at the hearing, along with her counsel. At the beginning of the hearing, the juvenile court was notified that appellant wished to waive the hearing and stipulate to the allegations contained in appellee's motion. After a thorough colloquy between her and the court, appellant filed a written waiver of hearing, which was then accepted by the juvenile court.

**{¶ 8}** Based upon appellee's stipulations, the juvenile court found that R.J. could not or should not be placed with appellee within a reasonable time. The court based its finding on the fact that appellee failed continuously and repeatedly to substantially

3.

remedy the conditions causing R.J. to be placed outside her home. Further, the court concluded that appellee suffers from a chemical dependency so severe that it makes her unable to provide a permanent home for R.J. within one year of the date of the hearing. In addition, the court noted appellee's written agreement not to contest the award of permanent custody to appellee.

{¶ 9} Additionally, given the length of time R.J. had been separated from appellant, combined with appellant's lack of progress under her case plan, the juvenile court found that a grant of permanent custody to appellee was in the best interests of R.J. under R.C. 2151.414. R.J.'s guardian ad litem also opined that a grant of permanent custody to appellee was in R.J.'s best interests.

{¶ 10} Having found that R.J. could not or should not be placed with appellee within a reasonable time, and that a grant of permanent custody was in R.J.'s best interests, the juvenile court granted appellee's motion for permanent custody on September 10, 2015. It is from this order that appellant now appeals.

{¶ 11} Based upon the belief that no prejudicial error occurred below, appellant's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶ 12} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States

4.

Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.*

{¶ 13} Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

### B. Assignment of Error

{¶ 14} In his *Anders* brief, appellate counsel assigns the following potential error for our review:

> The decision of the trial court to terminate the parental rights of the mother, [L.B.], was against the manifest weight of the evidence due to the court's failure to ensure that appellant fully understood the foreseeable ramifications resulting from entering into an agreement to terminate her parental rights.

Appellant has not filed a pro se brief.

## II. Analysis

{¶ 15} For his only proposed assignment of error, appellate counsel asserts that the trial court's termination of appellant's parental rights was against the manifest weight of the evidence.

{¶ 16} In order to terminate parental rights and award permanent custody of a child to a public services agency under R.C. 2151.353(A)(4), the juvenile court must find, by clear and convincing evidence, two things: (1) that the child cannot be placed with a parent within a reasonable time or should not be placed with a parent under R.C. 2151.414(E), and (2) that permanent custody is in the best interests of the child under R.C. 2151.414(D)(1). Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. It is more than a preponderance of the evidence, but does not require proof beyond a reasonable doubt. *Id.*

{¶ 17} "A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence." *In re A.H.*, 6th Dist. Lucas No. L-11-1057, 2011-Ohio-4857, ¶ 11, citing *In re Andy-Jones*, 10th Dist. Franklin Nos. 03AP-1167, 03AP-1231, 2004-Ohio-3312, ¶ 28. In conducting a review on manifest weight, the reviewing court "weighs the evidence and all reasonable

inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. We recognize that, as the trier of fact, the trial court is in the best position to weigh the evidence and evaluate the testimony. *In re Brown*, 98 Ohio App.3d 337, 342, 648 N.E.2d 576 (3d Dist.1994). Thus, "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." *Eastley* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, fn. 3, 461 N.E.2d 1273 (1984).

{¶ 18} Here, appellate counsel contends that the juvenile court erred in failing to ensure that appellant fully understood the ramifications of her written waiver. "In a case where parental rights are permanently terminated, it is of utmost importance that the parties fully understand their rights and that any waiver is made with full knowledge of those rights and the consequences which will follow." *Elmer v. Lucas Cty. Children Servs. Bd.*, 36 Ohio App.3d 241, 245, 523 N.E.2d 540 (6th Dist.1987). When determining whether a waiver was valid, a reviewing court should take into consideration the whole record. *Id.* Regarding waivers in the context of permanent custody proceedings, we have previously held:

7.

[F]undamental due process requires that when a parent is waiving the fundamental right to care for and have custody of a child, the trial court must have a meaningful dialogue with that parent to be certain that the consent is truly voluntary. * * * If a parent expresses uncertainty or misunderstandings about his or her decision to waive parental rights, the trial court's acceptance of a waiver is improper." In re Terrence, 162 Ohio App.3d 229, 2005-Ohio-3600, 833 N.E.2d 306, ¶ 89 (6th Dist.).

{¶ 19} Having reviewed the record, including the transcript of the permanent custody hearing at which appellant filed her waiver, we find that the trial court engaged in a "meaningful dialogue" with appellant prior to accepting her waiver. Initially, the juvenile court notified appellant of her right to have a hearing on the motion for permanent custody. The court also informed appellant that she would have a right to cross-examine witnesses and provide witnesses of her own, and that the motion would not be granted unless appellee proved that an award of permanent custody was in the best interests of the child. Regarding appellant's relationship with R.J., the court explained that she would "have no right to communicate with [R.J.] after [a grant of permanent custody] unless whoever adopts him says it's okay." Finally, the court asked appellant whether she had been pressured into consenting to the waiver or whether she was under the influence of any drugs or medications. She responded to both questions in the

8.

negative.  Appellant also affirmed that she had an opportunity to discuss the relevant issues with her attorney, and that she was satisfied with the legal counsel she received.

{¶ 20} In light of the thorough colloquy between the juvenile court and appellant in this case, we find no merit to appellate counsel's argument that appellant entered her waiver without adequate knowledge of the ramifications springing therefrom.  Moreover, we find that the trial court's findings under R.C. 2151.414 are supported by the record and are not against the manifest weight of the evidence.

{¶ 21} Accordingly, appellate counsel's proposed assignment of error is not well-taken.

### III.  Conclusion

{¶ 22} This court, as required under *Anders*, has undertaken our own examination of the record to determine whether any issue of arguable merit is presented for appeal. We have found none.  Accordingly, we grant counsel's motion to withdraw.

{¶ 23} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed.  Costs are hereby assessed to appellant in accordance with App.R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                          _____
                                                          JUDGE
Thomas J. Osowik, J.

Stephen A. Yarbrough, J.             _____
CONCUR.                                                JUDGE

                                                   _____
                                                          JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.