[Cite as *In re Z.C.*, 2018-Ohio-3260.]

# IN THE COURT OF APPEALS OF OHIO

# TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| Z.C., | : | No. 17AP-647 |
| | | (C.P.C. No. 13JU-7936) |
| (H.M., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

# D E C I S I O N

## Rendered on August 14, 2018

**On brief:** *Franklin County Children Services*, and *Robert J. McClaren*, for appellee.

**On brief:** *John T. Ryerson*, for Z.C.

**On brief:** *Boller & Petty LLC,* and *Kelly G. Boller*, Guardian ad litem.

**On brief:** *Lyman Law Offices,* and *Chester T. Lyman, Jr.*, for appellant H.M.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1} H.M., the mother of Z.C., is appealing the granting of permanent custody of her child to Franklin County Children Services. She assigns four errors for our consideration:

> [I.] The trial court abused its discretion in and erred in failing to properly review the evidence and in failing to properly terminate the proceedings as required by statute.

[II.] The trial court erred in improperly applying the standard of evidence that did not meet the statutes and by not requiring a clear and convincing standing of proof from by the Franklin County Children Services.

[III.] The trial court abused its discretion and erred in ignoring the standardings set forth in ORC 2151 and specifically 2151.413 and 2151.414 and in failing to consider the best interests and the wishes of the child concerning placement. Follow those standards.

[IV.] The trial court improperly failed erred in failing to consider whether to restrict the placement best interests and the wishes of the child solely with his mother as an alternative.

(Sic passim.)

{¶ 2} In July 2013, abuse, dependency and neglect proceedings were initiated when Z.C. showed signs of various injuries including a black eye and marks on his body. Temporary custody was granted to Franklin County Children Services ("FCCS") on July 29, 2013. Later, FCCS filed a motion requesting permanent custody. A trial on the permanent custody issue occurred in August 2017.

{¶ 3} H.M. admitted that she gave Z.C. the black eye. She indicated that she suffered from mental health problems which caused her to feel overwhelmed at times. Her husband has been abusive of Z.C. even to the point of carving letters into Z.C.'s forehead. At times, H.M. indicated that she wanted to surrender permanent custody of Z.C. to FCCS. She also demanded from her caseworker that Z.C. be removed from her house.

{¶ 4} The picture of H.M.'s house is made even more grim by repeated physical violence between H.M. and her husband and by their use of methamphetamines. Her husband, who is not Z.C.'s biological father, admitted being dependent on oxycodone.

{¶ 5} Not surprisingly, Z.C. has developed problems his own. He has been diagnosed as ADHD. He has a conduct disorder and developmental delays.

{¶ 6} A guardian ad litem was appointed and thoroughly investigated the situation, visiting Z.C. at all his foster homes, his mother's home, and at his school. The guardian was present for a number of incidents when H.M. stated that she wanted Z.C. out of her life. The statements were made in Z.C.'s presence. Despite all of this, Z.C. apparently still wants

to live with his mother. His biological father has been absent for over ten years, so is not a consideration.

{¶ 7}   Turning to the assignments of error, the visiting judge who heard the evidence and testimony at trial generated a detailed decision and judgment entry of 17 pages which carefully analyzes the evidence presented. The judge found the presence of clear and convincing evidence, a finding clearly consistent with the evidence presented. The biological father abandoned the child many years ago. The biological mother seems to have little insight into how to raise a child, but clearly must know that centering your life on the obtaining and using of methamphetamines is not part of healthy child rearing. She and her husband pursued their addiction repeatedly while Z.C. was present in the home.

{¶ 8}   The proceedings were properly continued and dismissal was not an option because Z.C. clearly needed the court's protection.

{¶ 9}   The first assignment of error is overruled.

{¶ 10} As indicated earlier, the judge applied the correct standards and properly found the proof to have been by clear and convincing evidence.

{¶ 11} The second assignment of error is overruled.

{¶ 12} The child's desire to be returned to his mother is understandable. The trial court considered it, but did not consider it decisive, especially considering the mother's ambivalence about having Z.C. around. The mother and her husband had already discontinued seeing the child for seven months. The trial court noted this in weighing the evidence.

{¶ 13} The third assignment of error is overruled.

{¶ 14} No evidence indicated that Z.C.'s mother and step-father were going to separate or divorce. The judge had to deal with the actual reality and decided based on the evidence presented.

{¶ 15} The fourth assignment of error is overruled.

{¶ 16} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

KLATT, J., concurring.

{¶ 17} I agree with the majority decision to affirm the trial court's judgment. I write separately to emphasize several additional points.

{¶ 18} In her first assignment of error, appellant essentially contends the trial court erred when it issued temporary custody orders beginning in October 2015. Appellant challenges the evidentiary basis for these temporary orders and the length of time the temporary orders were in place. However, because appellant did not appeal the temporary orders, they cannot be challenged in this appeal. *In re H.F.,* 20 Ohio St.3d 499, 2008-Ohio-6810 (adjudication order of abused dependency or neglect in the award of temporary custody pursuant to R.C. 2151.353(A) is a final order and an appeal must be filed within 30 days within the issuance of the temporary order). Furthermore, the neglect, abuse, and dependency finding in the award of temporary custody are not subject to re-adjudication if a children service agency later seeks permanent custody of the child. R.C. 2151.414(A). For these reasons, I agree with overruling appellant's first assignment of error.

{¶ 19} In her second and third assignments of error, appellant contends the trial court failed to apply the correct evidentiary standards for the determinations of abuse, dependency, or neglect and the issuance of temporary orders as well as the issuance of the permanent custody order. Again, because appellant did not appeal the temporary orders, these orders cannot be challenged in this appeal. *In re H.F.* To the extent that appellant also challenges the evidentiary standard and/or the evidentiary basis for the trial court's issuance of the permanent custody order, appellant has not demonstrated error. The trial court expressly cited the correct statutory standard and the record contains clear and convincing evidence supporting the trial court's decision that permanent custody is in the best interest of the child using the factors listed in R.C. 2151.414(D). *In re Andy-Jones,* 10th Dist. No. 03AP-1167, 2004-Ohio-3312, ¶ 28 ("A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence."). Here, the evidence supporting the trial court's decision includes ongoing domestic violence, past physical abuse of the child, ongoing drug use, and the GAL's recommendation that the grant of permanent custody is in the child's best interest. The trial court noted the child's desire to live with appellant. Nevertheless, the trial court cited

to substantial evidence indicating that the grant of permanent custody was in the child's best interest.

{¶ 20} To the extent that appellant also argues that the trial court erred by failing to find that the child cannot or should not be placed with appellant within a reasonable time, appellant is incorrect. As appellee points out, such a finding is not required when the child has been in the custody of FCCS for 12 or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d); *In re Williams*, 10th Dist. No. 02AP-924, 2002-Ohio-7205, ¶ 46-47.

{¶ 21} Lastly, in her fourth assignment of error, appellant contends the trial court erred by failing to address whether the child could be placed solely with appellant as an alternative pursuant to R.C. 2151.414(E). However, this statutory provision does not apply unless the trial court is proceeding under R.C. 2151.414(B)(1)(a). Here, the permanent custody motion was brought pursuant to R.C. 2151.414(B)(1)(d) (when a child has been in a children service agency's temporary custody for 12 or more months of a consecutive 22-month period). Therefore, appellant's argument is simply misplaced.

{¶ 22} For all of these reasons, I concur in overruling all of appellant's assignments of error and affirming the judgment of the trial court.

————————————————