[Cite as *In re B.H.*, 2015-Ohio-5495.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re B.H.

Court of Appeals No. L-15-1166

Trial Court No. JC 13231678

**DECISION AND JUDGMENT**

Decided:  December 30, 2015

* * * * *

Stephen D. Long, for appellant.

Shelby J. Cully, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant, mother of B.H., from the judgment of the Lucas County Court of Common Pleas, Juvenile Division, which awarded permanent custody of B.H. to Lucas County Children Services, hereinafter referred to as "LCCS" for adoptive placement and planning and further terminating all parental rights.

{¶ 2} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 3} In this case, counsel for appellant has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief on her own behalf in this appeal. Appellee also filed a responsive brief.

{¶ 4} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below, including the transcript of proceedings, the journal entries and original papers from the Lucas County Court of Common Pleas, as well as the briefs filed by counsel. Upon this review, we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

2.

**{¶ 5}** Although *Anders* is normally reserved for appointed counsel in criminal matters, we have held that it is also applicable for counsel appointed in termination of parental rights cases. *Morris v. Lucas Cty. Children Servs. Bd.*, 49 Ohio App.3d 86, 87, 550 N.E.2d 980 (6th Dist.1989).

**{¶ 6}** Counsel refers to several possible, but ultimately untenable, issues: (1) the trial court erred in granting appellee Lucas County Children Services Board's motion for permanent custody as the decision was against the manifest weight of the evidence; and (2) appellant was denied effective assistance of counsel.

**{¶ 7}** A determination by a trial court in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence. *In re A.H.,* 6th Dist. No. L-11-1057, 2011-Ohio-4857, ¶ 11, citing *In re Andy-Jones*, 10th Dist. Nos. 03AP-1167, 03AP-1231, 2004-Ohio-3312, ¶ 28. We recognize that, as the trier of fact, the trial court is in the best position to weigh the evidence and evaluate the testimony. *Id.*, citing *In re Brown,* 98 Ohio App.3d 337, 342, 648 N.E.2d 576 (3d Dist.1994). Thus, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**{¶ 8}** The essential question that we must resolve when reviewing a permanent custody decision under the manifest weight of the evidence standard is "whether the juvenile court's findings * * * were supported by clear and convincing evidence." *In re*

3.

*K.H.*, 119 Ohio St.3d 538, 2008-Ohio-4825, 895 N.E.2d 809, ¶ 43. "Clear and convincing evidence" is "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes,* 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23 (1986). In determining whether a trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990). *Accord In re Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶ 9} In this instance, the court found that B.H. was removed from the care of her parents since birth as she had tested positive for opiates at birth. Mother appellant had two other children not in her care and in the legal custody of relatives.

{¶ 10} LCCS had a caseworker assigned to appellant since April 2013. The caseworker implemented a case plan to provide services to the family in an attempt to reunify B.H. with a parent. The case plan services included a dual diagnostic assessment, mental health treatment, substance abuse treatment and domestic violence services for appellant; Help Me Grow services for B.H., and paternity testing for the putative father, as well as case management of the family.

4.

{¶ 11} The putative father failed to appear for the DNA testing. He has not made any attempt to visit with B.H. and no other man has come forward to claim paternity. Therefore, B.H.'s biological father remains unknown.

{¶ 12} Appellant was diagnosed with anxiety and depression and engaged in counseling services and prescribed medication. The caseworker testified that appellant ran out of her medication in September 2014, and stopped attending counseling in October 2014.

{¶ 13} Appellant also was referred and engaged in domestic violence victim services with Project Genesis from July 2013 until July 2014. She did not advance to Phase II and stopped attending services and was unsuccessfully discharged.

{¶ 14} Appellant also engaged in substance abuse services at SASI, including methadone treatment. Although she completed her IOP and began aftercare in August 2014, she tested positive for alcohol and subsequently missed methadone treatments. The testimony further established that appellant had obtained housing and regularly visited with B.H. However, there was an instance where she failed to return the child at a pre-arranged time. Her visits were then supervised. She failed to appear at two visits and failed to communicate with the LCCS caseworker.

{¶ 15} LCCS made a permanent plan for placement of B.H. Appellant failed to appear for the permanency planning conference in December 2014. Appellant then reappeared at the permanent custody pretrial on March 5, 2015. She explained that she

5.

was residing with a cousin and withdrawing from methadone for one month but could not account for her whereabouts for the remaining four months.

{¶ 16} Appellant was referred for mental health services at Unison but missed her intake appointment on April 20, 2015.  She had lost her housing.  She did not visit with B.H. from October 28, 2014 until March 2015.

{¶ 17} The court further found that B.H. has been in her foster home since birth and the foster parents have expressed a willingness to adopt B.H.  No relatives who are willing or appropriate have been identified for placement or custody of B.H.

{¶ 18} In considering the best interest of the child, R.C. 2151.4141(D)(1) provides that the court shall consider all relevant factors, including, but not limited to the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the

6.

temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 19} The court found that it is in the best interest of the child to award permanent custody to the LCCS. That determination was based upon a finding that the evidence and testimony established that the child had been with the caregiver since birth and it was a stable placement. Further, the court found that the child and caregiver have bonded. The parents cannot meet the needs of the child for a legally secure permanent placement because mother's (appellant herein) chemical dependency is so severe that she cannot focus on the needs of the child. No other relative has filed for legal custody. Our independent review demonstrates that this finding has been established by clear and convincing evidence.

{¶ 20} After reviewing the evidence, we conclude that the decision of the trial court on the award of permanent custody to LCCS was not against the manifest weight of

7.

the evidence, and was supported by clear and convincing evidence. Appellant's first proposed assignment of error is found not well-taken.

{¶ 21} Appellant proposes a second assignment of error that she was denied effective assistance of counsel.

{¶ 22} The right to counsel, guaranteed in these proceedings by R.C. 2151.352 and Juv.R. 4, includes the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Jones v. Lucas Cty. Children Serv. Bd.*, 46 Ohio App.3d 85, 546 N.E.2d 471 (1988). Where the proceeding contemplates the loss of parents' "essential" and "basic" civil rights to raise their children, *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990), citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody. *Jones v. Lucas Cty. Children Serv. Bd.*, 46 Ohio App.3d 86, 546 N.E.2d 473 (6th Dist.1988).

{¶ 23} To prevail on a claim of ineffective assistance of counsel, appellant must show that her counsel's performance was deficient and that the deficient performance so prejudiced her as to deny her a proceeding whose result was reliable and fundamentally fair. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We have found appellant's first proposed assignment of error not well-taken. Further, appellant has failed to satisfy her burden in proving that her trial counsel's performance

8.

was deficient but for those reasons set forth in her proposed first assignment of error. After reviewing all the proceedings in the trial court, we hold that the record does not demonstrate any deprivation of a substantial or procedural right which rendered the trial fundamentally unfair. *Lockhart* at 372. The second proposed assignment of error is found not well-taken.

{¶ 24} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error. Appellate counsel's motion to withdraw is granted, and this appeal is found to be without merit and wholly frivolous.

{¶ 25} Judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                    _____
                                                    JUDGE
Thomas J. Osowik, J.

James D. Jensen, J.                  _____
CONCUR.                                           JUDGE

                                     _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.