[Cite as *In re B.L.*, 2016-Ohio-738.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In re B.L., L.L.                                  Court of Appeals No. L-15-1030

                                                 Trial Court No. JC 13235166


                                                 **DECISION AND JUDGMENT**

                                                 Decided:  February 26, 2016

* * * * *

Mollie B. Hojnicki, for appellant.

Karen L. Bower, for appellee.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, M.S., appeals the judgment of the Lucas County Court of Common Pleas, Juvenile Division, granting legal custody of his child, L.L., to Jennifer and Michael L., the child's maternal grandparents.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On September 13, 2013, Lucas County Children Services ("LCCS") filed a complaint in the Lucas County Common Pleas Court, Juvenile Division, alleging that B.L and L.L. were dependent and neglected children and requested that protective supervision of the children be awarded to LCCS. The trial court granted that request, and at a shelter care hearing on that same day, awarded protective supervision to LCCS and ordered the children be placed at their maternal grandmother's home.[1]

{¶ 3} At a dispositional hearing on April 24, 2014, the court granted temporary custody of B.L. and L.L. to Jennifer L., the maternal grandmother. Also on April 24, 2014, appellant filed a motion for permanent custody of L.L.[2] On September 25, 2014, LCCS filed a motion to change disposition from temporary to legal custody, requesting that legal custody of B.L. and L.L. be granted to Jennifer L. and Michael L.

{¶ 4} Two contested hearings were held before a magistrate with regard to this matter on October 15 and December 18, 2014. On January 5, 2015, the magistrate issued her decision, granting permanent custody of B.L and L.L. to Jennifer and Michael L., and granting appellant parenting rights in accordance with the local parenting schedule. In a judgment entry dated January 8, 2015, the judge approved the magistrate's decision. It is from this order that appellant has filed his timely appeal.

---

[1] We would note that B.L. and L.L. have lived at the residence of maternal grandparents for their entire lives, separate and apart from appellant.

[2] It was determined through genetic testing that appellant is the biological father of L.L., and not the biological father of B.L.

2.

## B. Assignment of Error

**{¶ 5}** On appeal, appellant provides a single assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED LEGAL CUSTODY OF L.L. TO MATERNAL GRANDPARENTS.

## II. Analysis

**{¶ 6}** We would first note that the biological father of B.L. did not join this appeal and therefore all argument and analysis is focused solely on the custody determination of L.L.

**{¶ 7}** We would further note that appellant's parental rights to his child were not terminated. Nevertheless, where a child has been adjudicated dependent, R.C. 2151.353(A)(3) provides that the trial court may award legal custody of that child to a person other than the child's parents. *In re Sean T.*, 164 Ohio App.3d 218, 2005–Ohio5739, 841 N.E.2d 838, ¶ 25 (6th Dist.). In order to grant legal custody of a dependent child to a nonparent, the trial court must find, by a preponderance of the evidence, that legal custody is in the child's best interest. *In re Christopher M.*, 6th Dist. Lucas No. L–06–1063, 2007–Ohio–1040, ¶ 12. On appeal, we review legal custody determinations for abuse of discretion. *Id.* at ¶ 13. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

3.

{¶ 8} In the present case, the guardian ad litem ("GAL"), as well as the LCCS caseworker testified that they had concerns regarding appellant's mental health, stemming from an incident in November 2013, at which point appellant was admitted to the hospital for an attempted suicide. Appellant denied that he had attempted suicide and refused the psychiatric help recommended by his doctor at the time. Both the GAL and the caseworker repeatedly requested that appellant undergo a mental health evaluation. Appellant testified that he agreed to undergo the evaluation, but did not have time to do so until December 17, 2014, one day before the second custody hearing in this case.

{¶ 9} Further concerns were expressed by the GAL regarding appellant's lack of communication. The GAL testified that she made repeated attempts to contact appellant to set up a home visit and received no response. She was contacted by telephone by appellant once in September 2013. However she testified that appellant was belligerent, complained about the maternal grandparents, and never brought L.L. up during the conversation. She testified that the next time she was contacted by appellant was in the beginning of December 2013, two weeks prior to the second hearing. Appellant expressed an interest to set up a home visit, but the GAL was unavailable.

{¶ 10} Appellant argued that he has parenting experience due to having custody of another child. However, evidence presented at trial indicated a confusion as to the custody of appellant's other child. Testimony from appellant, appellant's father, the caseworker, and the GAL indicated that no one really knew who had custody of the child

4.

and testimony from appellant and appellant's father, who the child lived with, were in conflict as to the child's custody situation.

{¶ 11} There were also concerns about appellant's living arrangements. LCCS was unaware of who was residing with appellant. It was discovered that there was a 15-year-old living with appellant the week before the second hearing. The GAL expressed concerns that appellant's live-in girlfriend was uninterested and uncooperative with LCCS.

{¶ 12} The record in this case indicates that B.L. and L.L. have lived with their maternal grandparents for their entire lives. They have created a bond with their maternal grandparents and with each other. Additionally, the maternal grandparents were interested in retaining permanent custody of B.L and L.L. The GAL opined that, due to appellant's mental health history, appellant's inconsistent statements to her, and a general lack of information regarding appellant's living situation, that she believed it would be in the children's best interest to be placed with maternal grandparents.

{¶ 13} Based on all of the foregoing, the court reached the determination that it was in L.L.'s best interest to be placed in legal custody of his maternal grandparents. That determination is not arbitrary, unconscionable, or unreasonable. Thus, it does not constitute an abuse of discretion.

{¶ 14} Accordingly, appellant's assignment of error is found not well-taken.

5.

## III. Conclusion

**{¶ 15}** The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
<br>                                             JUDGE

Arlene Singer, J.         

Stephen A. Yarbrough, J.       _____
<br>CONCUR.                                         JUDGE

_____
<br>                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.