[Cite as *In re K.D.*, 2017-Ohio-136.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


In re K.D.                                    Court of Appeals No. S-16-008

                                              Trial Court No. 21530130


                                              **DECISION AND JUDGMENT**

                                              Decided:  January 13, 2017

                          * * * * *

Brett A. Klimkowsky, for appellant.

Nancy E. Haley, for appellee.

                          * * * * *

**SINGER, J.**

{¶ 1} Appellant, A.R., parent of K.D., a minor child, appeals from the January 21,

2016 judgment of the Sandusky County Court of Common Pleas, Juvenile Division,

which granted legal custody of K.D. to her paternal grandmother, S.W.  The trial court

appointed counsel to represent appellant on appeal.

{¶ 2} Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's counsel filed an appellate brief and motion to withdraw as counsel. He mailed a copy of the brief and motion to appellant and informed her that she had a right to file her own brief, but she did not do so. Appellant's counsel states in his motion that he thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. In compliance with the requirements of *Anders*, counsel submitted the following potential assignment of error:

> Whether the undersigned attorney is correct in asserting in this appellate brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), that there is no meritorious basis to appeal the adjudication of the trial court.

{¶ 3} Indigent parents have a right to appointed counsel and a transcript on appeal pursuant to the Article I, Sections 1, 2, and 16 of the Ohio Constitution in cases involving the termination of parental rights and may have a right under the Fourteenth Amendment to the United States Constitution depending upon the facts of each case. *In re Miller*, 12 Ohio St.3d 40, 41-42, 465 N.E.2d 397 (1984); *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980), paragraph two of the syllabus; *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 31-32, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). In the case before us, the agency sought only a disposition of legal custody to a third-party family member. Therefore, appellant did not have a right to counsel on appeal. Nonetheless, counsel was appointed.

2.

**{¶ 4}** We have held the procedure set forth in *Anders, supra*, is applicable in parental termination cases where appointed counsel believed an appeal was frivolous. *In re B.H.*, 6th Dist. Lucas No. L-15-1166, 2015-Ohio-5495, ¶ 5; *Morris v. Lucas Cty. Children Servs. Bd.*, 49 Ohio App.3d 86, 87, 550 N.E.2d 980 (6th Dist.1989). However, we have never approved of application of the *Anders* procedure in an appeal of a neglect and dependency dispositional order granting legal custody of a child to a nonparent. Because the *Anders* procedure has not been extended to this type of case, we hereby deny counsel's motion to withdraw. Because of the need for swift resolution of child custody matters and the unique circumstances in this case, we will consider the brief filed by appellant's counsel and review the record in this case for plain error. For all future cases of this type, however, a brief must be filed in compliance with App.R. 16.

**{¶ 5}** The agency received a referral regarding K.D., a one year old, on May 13, 2015, after forensic testing confirmed that the parents had possessed illegal drug paraphernalia on March 24, 2015, when their car, in which K.D. was riding, was stopped by police. On May 13, 2015, an investigator visited K.D.'s home and observed that both parents were under the influence of an unknown substance. K.D. was placed in emergency custody with the paternal grandmother, S.W. The agency had previously conducted an intervention with the parents in November 2014, but the parents would not enter treatment. The case was closed because the charges could not be substantiated.

**{¶ 6}** On June 6, 2015, both parents admitted to the agency caseworker that they used heroin. The father would not participate in drug testing asserting he would not pass

3.

the test.  The mother attempted to submit to testing but no sample could be obtained.
Afterward, neither parent would submit to testing or participate in agency services.

{¶ 7} On June 22, 2015, the agency filed a complaint seeking to have legal custody of K.D. transferred to the paternal grandmother and the agency being granted protective supervision.  The grandmother later signed a statement of understanding which was filed with the court.  On August 18, 2015, the court ordered the child to be placed in protective supervision of the agency and committed K.D. to the temporary custody of the paternal grandmother.

{¶ 8} At the adjudication hearing on the complaint held on August 31, 2015, appellant requested appointed counsel.  Therefore, the court continued the hearing and the temporary custody order.  On September 29, 2015, the agency filed a show cause motion because appellant failed to participate in case plan services as ordered by the court.  On October 5, 2015, the juvenile court found appellant in contempt and again continued the temporary custody order.  On October 15, 2015, the adjudication hearing was held.  K.D. was adjudicated a dependent child based on the court's findings that the parents used heroin, they refused to participate in the agency case plan services, and both had pending criminal charges.  Appellant consented to the finding of dependency.  The court found appellant was competent, that she was satisfied with her attorney, and that she had sufficient time with her counsel before consenting to the finding.  After a recess, the dispositional hearing was held.  The parties agreed and consented to continuing the temporary custody placement with the paternal grandmother and protective supervision provided by the agency.

4.

{¶ 9} On November 23, 2015, the agency moved to terminate protective supervision of K.D. and for an order granting legal custody to the paternal grandmother, who filed a statement of understanding and was named in the complaint as a proposed legal custodian. The agency alleged the parents were unwilling to cooperate with the case plan, which had been approved by the court. The agency alleged the parents had also disobeyed the court's order to participate in drug screening, both parents had pending felony charges against them, and neither parent had alleviated the concerns and risks that warranted the initial removal of K.D. The agency further alleged neither parent exhibited any commitment to alleviating the concerns that led to the child's removal from their home. The agency also alleged that the child was doing well in her current placement and that neither parent was visiting the child. On its own motion, the court reviewed the award of temporary custody and found that it was still "contrary to the health and welfare" of the child to return her to her parents.

{¶ 10} On January 12, 2016, the juvenile court conducted a final disposition hearing and a hearing on the agency's show cause motions. Both parents appeared with their attorneys, as well as the CASA representative/guardian ad litem, the paternal grandmother, and the agency caseworker. Prior to the hearing, the parties reached a "settlement agreement." All parties stipulated that the agency had used reasonable efforts to resolve the issues that caused the child's removal from the parents' home and that it is contrary to K.D.'s best interest to return her to her parents' home. All of the parties consented to legal custody being given to the paternal grandmother, with the parents having weekly supervised visitation. We interpret the "settlement agreement" as a

5.

stipulation to the facts of the agency's motion for a final dispositional order of legal custody.

{¶ 11} On the record, appellant indicated and the court found appellant was competent and understood the nature of the proceedings. The trial court discussed appellant's rights and the agreement. Appellant acknowledged that she had entered into the agreement knowingly, voluntarily, and intelligently and the court confirmed this fact. Appellant stated she was satisfied with the advice of her appointed counsel. The court and caseworker reviewed the reasonable efforts the agency offered to the parents.

{¶ 12} The juvenile court entered a judgment dated January 12, 2016, and journalized January 21, 2016, incorporating the settlement agreement approved by the court and awarding legal custody of the child to the paternal grandmother. The court found in its judgment that the placement of K.D. in the permanent legal custody of the child's paternal grandmother and supervised visitation "is safe and healthy and in [K.D.'s] best interest."

{¶ 13} There is no evidence in the record to support a finding that appellant was under duress or fraudulently induced into signing the settlement agreement. *In re B.M.*, 181 Ohio App.3d 606, 2009-Ohio-1718, 910 N.E.2d 46, ¶ 61 (11th Dist.). The stipulated facts of the motion for legal custody provide sufficient evidence to support the juvenile court's finding regarding the best interest of the child. There is no evidence the juvenile court abused its discretion by accepting the stipulated facts and finding that it was in the best interest of K.D. to terminate the agency's protective services and award legal

6.

custody of K.D. to the paternal grandmother, with the parents having supervised visitation.  *In re B.L.*, 6th Dist. Lucas No. L-15-1030, 2016-Ohio-738, ¶ 7.

{¶ 14} Our review of the record does not disclose any plain errors which would justify a reversal of the judgment.  Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed.  Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.   The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE